# In the United States Court of Federal Claims

No. 09-793 T
(Filed: April 20, 2011)

```
*************************************
                                    *
PANASONIC COMMUNICATIONS            *
CORPORATION OF AMERICA,             *
                                    *
              Plaintiff,            *
                                    *
       v.                           *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
*************************************
```

## ORDER

      This case is a tax refund action wherein Panasonic complains that the Internal Revenue Service ("IRS") improperly imposed an excise tax against it due to the presence of ozone-depleting chemicals (ODCs) allegedly used in the manufacture and productions of its imported telephone products. In September 2010, the Court set out a schedule for fact and expert discovery in preparation for a mini-trial on the issue of the validity of the ODC testing.

      Plaintiff has filed a motion to compel discovery responses from Defendant with respect to interrogatories and requests for production of documents and from Pacific Northwest National Laboratory ("PNNL")[1] with respect to a parallel subpoena for documents. The United States and PNNL have withheld the responsive information on the grounds that Plaintiff's requests seek taxpayer return information that is confidential under 26 U.S.C. § 6103.

      The discovery requests at issue are Plaintiff's Document Requests 1, 23, 24, and 25 (made to both Defendant and PNNL) and Interrogatories 3 and 6 (made to Defendant). In addition, Defendant has asserted a blanket objection to all of Plaintiff's document requests on the basis of § 6103.

      Section 6103 establishes a general prohibition on the disclosure of "return or return information." 26 U.S.C. § 6103(a)(1). "Return information" is defined broadly and means:

---

[1] PNNL is a federally-funded research center that has conducted testing at the request of the IRS for the presence of ODCs in products of Plaintiff as well as of other taxpayers. Def.'s Resp. at 2. It is managed by Battelle, a charitable trust organized as a non-profit under Ohio law.

> a taxpayer's identify, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payment, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense . . .

26 U.S.C. § 6103(b)(2).

Audit information has been held encompassed within the confidentiality protection of this section. *See Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655, 658 (1994).

At the heart of this discovery dispute is Plaintiff's desire for information regarding PNNL's ODC-testing of commercial products of *other* taxpayers.

> "[T]he responsive documents and interrogatory responses related to testing on other taxpayers are critical to demonstrating any changes, inconsistencies, and variations in PNNL's testing methodologies that have occurred over time and that touch upon the issue of whether the testing employed on Panasonic's products was valid.

Pl.'s Mot. at 3.

For example, Panasonic's document Request No. 1 reads, in relevant part:

> Produce all documents related to the procedures (including standard operating procedures), methods, standards, and controls followed or used in any and all testing for ODC's in commercial products by PNNL, Battelle, the IRS, or any other entity retained by or working for the IRS or DOE on testing for ODCs . . . . Please note that this request is not limited to documents related to the testing of Panasonic products for ODCs, and therefore includes all testing for ODCs in commercial products.

Interrogatory No. 6 reads, in relevant part:

> Identify all instances in which the IRS has used testing for ODCs as a basis to determine or consider whether excise taxes should be imposed on any taxpayer other than Panasonic. Please respond as completely as possible without violating taxpayer confidentiality

>obligations while fulfilling your obligation to answer this interrogatory, identifying in your response the number of instances in which the IRS has used testing for ODCs to determine or consider whether excise taxes should be imposed and, for each case, whether excise taxes were assessed, the date of the test(s), the person(s) who conducted each test, the testing methodologies used, the results of the testing (i.e., whether ODCs were detected), the amount of the taxes assessed, whether the assessment was appealed or contested in any way, and the result of any appeal or dispute with the taxpayer regarding the correctness of the assessment. . . .

Both PNNL and the government, however, assert that the information relating to the testing of other entities' products is confidential taxpayer return information protected from disclosure by § 6103.

>In every instance, the testing conducted by PNNL on commercial products imported by these companies was done at the request of the IRS for the use of the IRS in each of the excise tax audits of those particular companies in order to correctly determine their respective liabilities for ozone-depleting chemical taxes.

Def.'s Resp. at 3.

<u>Exception to Confidentiality</u>

Despite the general prohibition on disclosure, § 6103(h) allows disclosure for purposes of tax administration in certain circumstances.  Pertinent to this dispute is § 6103(h)(4), which provides, "Disclosure in judicial and administrative tax proceedings.--A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, but only--(B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding[.]"

Because the information requested by Panasonic qualifies as return information – ODC testing documentation from PNNL's testing of other taxpayers generated as a result of IRS excise tax audits, emails associated with that testing, and three additional documents that discuss the audit or potential audit of other taxpayers – the Court cannot compel its disclosure except as provided by § 6103(h)(4)(B).

In opposing disclosure, the Government argues that Panasonic has failed to identify the "item" reflected on the taxpayer's return, the treatment of which relates to the resolution of an issue in this case, and that Panasonic has also not identified the "return" on which the item is reflected.  Def.'s Response at 19-20.  Finally, the Government argues that Panasonic has failed to establish how the information it seeks is "directly related to the resolution of an issue" before the Court.  *Id*. at 21-24.

In its Reply, Panasonic identifies "ODC tax liability" as the item reflected on the returns of the other taxpayers and argues that it is impossible for it to have identified the actual returns on which the item is reflected because of the confidentiality of returns and return information. Pl.'s Reply at 12-13. Regarding the direct relationship between the information sought and the resolution of this case, Panasonic in its opening brief first quotes from the Court's September 8, 2010, Order for a mini-trial on the sole issue of the "validity of the testing employed for the presence of ozone-depleting chemicals . . . in the products and components in question." Pl.'s Mot. at 2. Furthermore, Panasonic explains that its discovery requests "are aimed at the totality of PNNL's testing to evince common testing issues, varying parameters, precision issues, instrument faults, methodology deviations, performance issues, statistical anomalies, and contamination sources." Reply at 18. Thus, it argues, the information "is not merely related or relevant, but 'directly related in nature,' and goes to the heart of the validity of the IRS's testing methodology as employed on Panasonic." *Id*. at 19.

*"Item"*

Although the Government is correct that Panasonic, in its opening brief, did not expressly identify an item on a return, the Court agrees with Panasonic that ODC tax liability was, by clear implication, the item to which Panasonic alluded in its § 6103(h)(4)(B) argument. Moreover, it expressly identified ODC tax liability in its Reply.

In addition, at the oral argument conducted by the Court on March 14, 2011, the Court specifically asked the parties whether there were IRS forms containing any item dealing with ODC tax liability. The parties referred variously to IRS Forms 720, 6627, and 8849. Form 720, attached to Plaintiff's Reply as Exhibit 15, is titled "Quarterly Federal Excise Tax Return," and provides in Part I, "Environmental Taxes," for the entry of a tax amount in item No. 19 described as "ODC tax on imported products." The section of Part I providing for "Environmental Taxes" instructs the taxpayer to attach Form 6627. Part III of Form 6627, "Environmental Taxes," to which the Government referred in oral argument and of which the Court takes judicial notice, is titled "ODC Tax on Imported Products, IRS No. 19." According to Plaintiff, if a taxpayer determined it had no excise tax liability and did not file a Form 720, but was assessed an ODC tax by the IRS and subsequently were to seek a refund, it might file a Form 8849. Although Form 8849, titled "Claim for Refund of Excise Taxes" and attached as Exhibit 17 to Plaintiff's Reply, contains no direct reference to ODC taxes, Schedule 6 to Form 8849, "Other Claims," would qualify therefore as an item relating to ODC tax liability. Even the overall excise tax liability in Form 720, whether including any component of ODC excise taxes or not, can be seen as constituting or incorporating an "ODC tax liability" item for purposes of the exception to confidentiality at issue here. The conclusion is inescapable, then, that Panasonic has identified an "item" on a return as required by § 6103(h)(4)(B).[2]

Defendant further argues, however, that the item test is not satisfied because the validity of PNNL's scientific testing of the other taxpayers' products would not have been reflected on any of the above-mentioned returns. The testing of those other products "wouldn't satisfy the

---

[2] At oral argument, the Government essentially conceded this point, acknowledging that "the overall tax liability . . . may be considered an item on the return" and that "the information that's requested by these returns . . . would be considered an item." Transcript, p. 37, lines 6-9; p. 39, lines 4-7, March 14, 2011.

4

item test . . . unless information regarding that testing was actually reported and reflected on the return." Tr. 45, 5-7. Defendant concurred with the Court's characterization of its argument, i.e., that "the testing that the Plaintiff wants to discover is a result of an audit, which is a step removed from an item on the return." *Id*. at 11-13. Defendant explained that "if there was a return filed, it most likely would have been filed prior to any audit and therefore could not have considered any testing by PNNL." *Id*. at 16-19.

The Court is not persuaded by Defendant's crabbed interpretation of § 6103(h)(4)(B). Defendant does not take into account the words "treatment" and "reflected" in the phrase, "treatment of an item reflected on such return." The Court reads "reflected on such return" to mean that the item need not necessarily have been a specific line item on a return, but also encompasses aspects of the item as to which the return has a bearing. Congress could have used the more specific terminology "treatment of an item *on* a return," that is, without the word, "reflected," if it intended the narrower interpretation favored by the Government. The Court further reads "treatment" as modifying the remainder of the phrase as a whole. Thus, the "treatment" of the item need not be manifest on the return itself, but rather includes the manner in which the item is handled subsequently. These other taxpayers were audited by the IRS in order to assess their ODC tax liability; the audit encompassed the scientific testing performed by PNNL. PNNL's activities were therefore derivatively part of the "treatment" of ODC tax liability, which is the "item" identified by Plaintiff and which is reflected on the taxpayer's return, whether as a specific line item or as part of the overall tax liability reported.

*"Directly Related"*

Defendant also argues that Plaintiff's discovery requests for the ODC testing documentation do not meet the requirement under § 6103(h)(4)(B) that the "treatment of an item reflected on such return" be "directly related" to the resolution of an issue in this litigation. "Panasonic fails to persuasively explain how PNNL's testing conducted on the products of other taxpayers has any relevance whatsoever to the validity of the specific testing employed on Panasonic's products." Def.'s Resp. at 22. At oral argument, Defendant explained that "whether the ODC tax reported by another company is zero or 500 or 700 has no relevance to Panasonic's liability." Tr. 39, 9-11. Defendant's observation, however, misses the mark. Plaintiff's discovery is directed to the purpose of the mini-trial, that is, the validity of the scientific testing for ODCs employed by PNNL, not to a direct comparison of its excise tax assessment with that of other taxpayers. It seeks not the returns of the other taxpayers but rather documentation regarding the testing of their products for the presence of ODCs.

Because this is a discovery dispute, not a motion to admit evidence at trial, the Court finds Plaintiff's statement of need and potential relevance sufficient on its face to demonstrate that the testing documentation is directly related to the issue in this proceeding.

Conclusion

Based on the foregoing discussion, the Court hereby GRANTS Plaintiff's Motion to Compel Discovery Responses. Defendant shall provide the discovery responses otherwise

withheld, but shall redact taxpayer-identifying information, such as the taxpayer's name or the product name.

        s/ Edward J. Damich
        EDWARD J. DAMICH
        Judge