# In the United States Court of Federal Claims

No. 09-793 T
(Filed: May 6, 2011)

```
************************************
                                    *
PANASONIC COMMUNICATIONS            *
CORPORATION OF AMERICA,             *
                                    *
                  Plaintiff,        *
                                    *
          v.                        *
                                    *
THE UNITED STATES,                  *
                                    *
                  Defendant.        *
                                    *
************************************
```

## ORDER

      Defendant has moved for a protective order precluding the discovery by Plaintiff of documents or information "that may reveal under what circumstances the Internal Revenue Service may subject the commercial products of a taxpayer to scientific testing for ozone-depleting chemicals." Mot. at 1. In an accompanying declaration, the Government asserts that the documents and communications contain information "regarding when testing may be used by the IRS in an audit and is confidential." Declaration of Frank Falvo, Tax Policy Manager, Excise Tax Program, Internal Revenue Service. The documents at issue are identified as Privileges Nos. 34, 35, 36, and 40 in the "U.S. Privilege Log"; Privileges Nos. 21, 22, 23, and 24 in the "PNNL Privilege Log"; and documents that may be responsive to Panasonic's Request for Production No. 32. All of the foregoing are among documents that are the subject of Plaintiff's Second Motion to Compel.

      Plaintiff opposes the motion, arguing, inter alia, that Defendant has failed to meet its burden of showing good cause for such an order. A party seeking to protect itself from discovery must demonstrate that the discovery request "is considered likely to oppress an adversary or might otherwise impose an undue burden." *Sparton Corp. v. United States*, 44 Fed. Cl. 557, 561 (1999). The court, then, "must balance 'the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the'" request. *Flamingo Fishing Corp. v. United States*, 22 Cl. Ct. 625, 629 (1991) (citing *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). In demonstrating hardship, the moving party must make a "particularized showing" or give "specific examples of substantial resulting harm or injury." *Wall Indus., Inc. v. United States*, 5 Cl. Ct. 485, 487 (1984).

      Panasonic explains that the circumstances under which the IRS selects products for ODC testing "is likely to reveal information regarding application of the test, including any technical limitations on the test, suitable applications of the test, and the like." Resp. at 5. It hypothesizes

that the IRS might only test products from "specific geographical areas" or that the test may have a limitation with respect to "ambient atmospheric ODC contamination." *Id*. Plaintiff also raises the possibility that the testing circumstances might reveal that the test "should only be applied to specific types of products" (which would tend to confirm Plaintiff's position that the regulation applies only to electronic components, contrary to Plaintiff's interpretation of the Government's position). Finally, Plaintiff suggests that the Government's confidentiality concerns could be resolved through a protective order that "simply prohibits disclosure of such information outside of this litigation." *Id*. at 6.

Defendant avers, however, that disclosure of its selection criteria for testing for ODC presence, even if limited to Plaintiff in this litigation, would undermine the IRS's reliance on voluntary taxpayer compliance with the requirements of the tax code. "In other words, if the IRS were required to disclose its 'selection criteria,' it would lead to the very real, and repeatedly-acknowledged, possibility that taxpayers actually liable for the ozone-depleting chemical excise tax could escape detection and avoid liability for the tax simply by 'gaming' the IRS's examination programs." Reply at 4, citing *American Soc. of Pension Actuaries v. I.R.S.*, 746 F. Supp. 188, 190 (D.D.C. 1990).

Most cogently, Defendant argues that the criteria or circumstances of the IRS's selection of products for ODC testing are "not relevant to the validity of that testing once employed." Reply at 5. The Court notes, similarly, that the focus of the mini-trial in this case is "the validity of the testing employed for the presence of ozone-depleting chemicals (ODCs) in the products and components in question." The Government has otherwise asserted that the only testing it has conducted of Panasonic's products have been of its "populated electronic circuit boards." The question, then, is whether the testing performed on the "populated electronic circuit boards" was scientifically valid in detecting the presence of ODCs.

In the parties' Joint Preliminary Status Report, Plaintiff alleged that "the IRS illegally assessed and collected federal ODC excise taxes after testing a small number of Panasonic telephones – purchased from retail stores – using novel and unreliable testing methods that were not vetted through public comment, not subjected to peer review, and not generally accepted in the scientific community." That allegation is encompassed in the mini-trial's focus on the validity of the testing employed.

The Court concludes that the issue is squarely joined for the mini-trial and that Plaintiff's asserted need for the documents and information in question does not outbalance Defendant's legitimate interest in the confidentiality of its audit selection criteria. The Government's motion for a protective order as proposed is GRANTED. Defendant's responses to Plaintiff's discovery requests are protected from revealing "under what circumstances the Internal Revenue Service may subject the commercial products of a taxpayer to scientific testing for ozone-depleting chemicals."

s/ Edward J. Damich
EDWARD J. DAMICH
Judge